******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

## STATE OF CONNECTICUT *v.* NICOLAE MARCU
### (AC 46988)

Elgo, Moll and Clark, Js.

*Syllabus*

Convicted of misconduct with a motor vehicle in violation of statute (§ 53a-57), the defendant appealed. He claimed, inter alia, that there was insufficient evidence to prove that he acted with criminal negligence as required by § 53a-57. *Held*:

The trial court reasonably concluded that the evidence demonstrated beyond a reasonable doubt that the defendant acted with criminal negligence pursuant to § 53a-57 because, on the basis of the evidence before it, it was reasonable for the court to infer that the defendant was distracted for a prolonged period of time while driving, that he consequently failed to perceive the substantial and unjustifiable risk that the manner in which he was operating his vehicle would cause the death of the victim, and that such failure was a gross deviation from the standard of care that a reasonable driver would observe in that situation.

Argued November 21, 2024—officially released January 21, 2025

*Procedural History*

Information charging the defendant with the crimes of misconduct with a motor vehicle and negligent homicide with a motor vehicle or commercial motor vehicle, brought to the Superior Court in the judicial district of New London, geographical area number ten, where the case was tried to the court, *K. Murphy, J.*; judgment of guilty of misconduct with a motor vehicle; thereafter, the state entered a nolle prosequi as to the remaining charge, and the defendant appealed to this court. *Affirmed.*

*Jeremy A. Kemp*, with whom, on the brief, was *J. Patten Brown III*, for the appellant (defendant).

*Jessica DellaRatta*, certified legal intern, with whom were *Timothy F. Costello*, supervisory assistant state's attorney, and, on the brief, *Paul Narducci*, state's attorney, and *David J. Smith*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

MOLL, J. The defendant, Nicolae Marcu, appeals from the judgment of conviction, rendered after a trial to the court, of misconduct with a motor vehicle in violation of General Statutes § 53a-57.[1] On appeal, the defendant claims that (1) there was insufficient evidence to demonstrate that his conduct was committed with the mens rea of criminal negligence, and (2) the finding that he was criminally negligent was not supported by the trial court's factual findings.[2] We disagree and, accordingly, affirm the judgment of the trial court.

The following facts, as set forth in the trial court's decision rendered from the bench, and procedural history are relevant to our decision. "[O]n December 1, 2016, the defendant . . . was driving a vehicle, a tractor trailer truck, on [Interstate 95] south in . . . New London county . . . when he hit a vehicle which had been driven by Ashley Ferguson . . . [and] Ferguson was outside her vehicle with the back door open on the driver's side. [The defendant] hit . . . Ferguson's vehicle and hit . . . Ferguson and killed her . . . . [T]he defendant's vehicle, prior to impact with . . . Ferguson's vehicle, veered to the right over the fog line, hitting the rear portion of the driver's side quarter panel, scraping the side of . . . Ferguson's vehicle. . . . Ferguson's vehicle was off the travel portion of the highway, but just barely.

\* \* \*

"[The defendant] actually applied the brakes either as he was hitting . . . Ferguson or maybe shortly before, but really almost instantaneously."

---

[1] General Statutes § 53a-57 provides: "(a) A person is guilty of misconduct with a motor vehicle when, with criminal negligence in the operation of a motor vehicle, he causes the death of another person.

"(b) Misconduct with a motor vehicle is a class D felony."

[2] Because we consider these claims to be analytically related, we address them together.

On October 11, 2017, the defendant was arrested and subsequently charged by way of a long form information, dated May 22, 2023, with misconduct with a motor vehicle in violation of § 53a-57 (count one). The defendant also was charged with the lesser included offense of negligent homicide with a motor vehicle or commercial motor vehicle in violation of General Statutes (Rev. to 2015) § 14-222a (b)[3] (count two).

A bench trial took place on May 30 and 31, 2023. Several witnesses testified and several exhibits were admitted into evidence. On May 30, 2023, after the close of the state's case-in-chief, the defendant made an oral motion for a judgment of acquittal on the ground that "[t]he state ha[d] presented insufficient evidence to establish criminal negligence with respect to [count one]" because the state did not present evidence showing more than a slight or moderate deviation from the standard of care that would have been exercised by a reasonable truck driver in the defendant's situation. The state opposed the motion, arguing that "the evidence is that the defendant left the lane of traffic. Other people— another person that saw it, moved over. The defendant chose not to, for whatever reason . . . [and he] went into a portion of the lane that is specifically not a travel lane, struck and killed [Ferguson]. I think based on the totality of the evidence presented at this point in time, I think we've met the state's burden to move forward with the rest of the trial, and the state would object to the defendant's motion." The court, *K. Murphy, J.*, deferred its ruling on the motion for a judgment of acquittal until after closing arguments and subsequently denied the motion on the record on May 31, 2023.[4]

---

[3] General Statutes (Rev. to 2015) § 14-222a (b) provides: "Any person who, in consequence of the negligent operation of a commercial motor vehicle, causes the death of another person shall be fined not more than two thousand five hundred dollars or imprisoned not more than six months, or both."

[4] The defendant did not put on a case-in-chief.

On that same day, the court found the defendant guilty of misconduct with a motor vehicle in violation of § 53a-57.[5] With specific regard to the third element of § 53a-57 (a) (i.e., criminal negligence), the court stated: "The last sentence of the reasonable doubt [criminal jury] instruction indicates proof [of] reasonable doubt is proof that precludes every reasonable hypothesis except guilt and is inconsistent with any other rational conclusion. It was my judgment, based on reviewing [all of] the evidence, that there is no other explanation for what happened here, other than the criminal negligence on the part of the defendant . . . . [T]here was no other explanation except criminal negligence for the fact that [the defendant] is driving on [Interstate 95] . . . [and] the defendant had this long view of [Ferguson] prior to hitting her.[6] And the truth is, the fact that [Ferguson], and I think the evidence indicates that [Ferguson] was in the roadway, either right before or as [the defendant] is approaching, and [the defendant] takes no action to avoid her. That is what I view as the criminal negligence. . . .

"I want to point out that there's obviously no indication of any alcohol or illegal drug use; there's no indication that the cell phone was a distraction; it's not really clear what the distraction was, but it is clear that [the defendant] did not respond to an obvious problem on

---

[5] On May 26, 2023, the defendant filed a motion to dismiss count two. The defendant argued that charging him with a violation of General Statutes (Rev. to 2015) § 14-222a (b) was a violation of (1) the ex post facto clause of the constitution of the United States, article one, § 10, (2) the implied ex post facto provision in the constitution of Connecticut, article first, §§ 8 and 9, and (3) the statute of limitations set forth in General Statutes § 54-193.

The court incorporated its decision regarding the motion to dismiss into the judgment rendered from the bench, stating that the court would not consider count two because it is a lesser included offense. The record reflects that count two was later nolled.

[6] The court stated that there was testimony in the record indicating that there was a length of "at least two football fields . . . before you [got] to the point of impact . . . ."

the road. There's no indication he was speeding, there's no indication of any other erratic driving. So, the court's decision is based on the fact that he has a clear and unobstructed view of [Ferguson's] vehicle and . . . [of Ferguson] and yet takes no action whatsoever to avoid hitting her . . . . [W]hen you look carefully at the evidence in this case, and especially this fact that [the defendant] is driving a tractor trailer truck sixty miles per hour, going down [Interstate 95] and takes no action to avoid the striking of . . . Ferguson and her vehicle . . . [t]o me . . . there's really no other explanation, other than [the defendant] is guilty of [violating § 53a-57]." (Footnote added.)

On August 31, 2023, the court sentenced the defendant to five years of incarceration, execution fully suspended, with five years of probation. This appeal followed. Additional facts and procedural history will be set forth as necessary.

We begin by setting forth the applicable standard of review and legal principles that are relevant to our resolution of the defendant's claim. "Our standard of review for a sufficiency of the evidence claim is well established. In reviewing a sufficiency of the evidence claim, we apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . . In evaluating evidence, the trier of fact is not required to accept as dispositive those inferences that are consistent with the defendant's innocence. . . . The trier may draw whatever inferences from the evidence or facts established by the evidence it deems to be reasonable and logical. . . . In conducting this review, the probative force of the evidence is not diminished where the

evidence, in whole or in part, is circumstantial rather than direct." (Citation omitted; internal quotation marks omitted.) *State* v. *Carter*, 64 Conn. App. 631, 636, 781 A.2d 376, cert. denied, 258 Conn. 914, 782 A.2d 1247 (2001).

"We note that the [fact finder] must find every element proven beyond a reasonable doubt in order to find the defendant guilty of the charged offense, [but] each of the basic and inferred facts underlying those conclusions need not be proved beyond a reasonable doubt. . . . If it is reasonable and logical for the [fact finder] to conclude that a basic fact or an inferred fact is true, the [fact finder] is permitted to consider the fact proven and may consider it in combination with other proven facts in determining whether the cumulative effect of all the evidence proves the defendant guilty of all the elements of the crime charged beyond a reasonable doubt. . . .

"Moreover, it does not diminish the probative force of the evidence that it consists, in whole or in part, of evidence that is circumstantial rather than direct. . . . It is not one fact, but the cumulative impact of a multitude of facts which establishes guilt in a case involving substantial circumstantial evidence. . . . In evaluating evidence, the [finder] of fact is not required to accept as dispositive those inferences that are consistent with the defendant's innocence. . . . The [finder of fact] may draw whatever inferences from the evidence or facts established by the evidence it deems to be reasonable and logical. . . .

"Finally, [a]s we have often noted, proof beyond a reasonable doubt does not mean proof beyond all possible doubt . . . nor does proof beyond a reasonable doubt require acceptance of every hypothesis of innocence posed by the defendant that, had it been found credible by the [finder of fact], would have resulted in

an acquittal. . . . On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the [finder of fact's] verdict of guilty." (Citations omitted; internal quotation marks omitted.) *State* v. *Perkins*, 271 Conn. 218, 246–47, 856 A.2d 917 (2004).

Section 53a-57 (a) provides: "A person is guilty of misconduct with a motor vehicle when, with criminal negligence in the operation of a motor vehicle, he causes the death of another person." Criminal negligence is defined in General Statutes § 53a-3 (14)[7] as follows: "A person acts with 'criminal negligence' with respect to a result or to a circumstance described by a statute defining an offense when he fails to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation . . . ."

"To convict [a] defendant under § 53a-57, the state [has] the burden of proving the following three elements beyond a reasonable doubt: (1) the defendant was operating a motor vehicle; (2) the defendant caused the death of another person; and (3) the defendant possessed the mental state for criminal negligence." *State* v. *Carter*, supra, 64 Conn. App. 637. To meet its burden of proof as to the third element of § 53a-57, which is the subject of this appeal, "the state was

---

[7] Since the events underlying this appeal, § 53a-3 has been the subject of several amendments. See Public Acts 2019, No. 19-108, § 1; Public Acts 2021, No. 21-31, § 4; Public Acts 2022, No. 22-117, § 8; Public Acts 2023, No. 23-53, § 36. Those amendments, however, have no bearing on the merits of this appeal. In the interest of simplicity, we refer to the current revision of the statute.

required to prove that the defendant failed to perceive a substantial and unjustifiable risk that the manner in which he was operating his vehicle would cause the death of another. The state also had to prove that the defendant's failure to perceive that risk constituted a gross deviation from the standard of care that a reasonable person would observe in the situation." Id. "The defendant, as an operator of a motor vehicle, [is] under a duty to exercise reasonable care . . . and to keep a reasonable lookout for persons or traffic that . . . [he is] likely to encounter." (Internal quotation marks omitted.) *State* v. *Luna*, 208 Conn. App. 45, 52, 262 A.3d 942, cert. denied, 340 Conn. 917, 266 A.3d 146 (2021).

With these legal principles in mind, we turn to the merits of the defendant's claim on appeal. The defendant does not challenge the court's findings that (1) he was operating the motor vehicle that struck Ferguson, and (2) he caused Ferguson's death. The defendant's sole claim on appeal pertains to the third element of § 53a-57, as he argues that the evidence presented at trial was insufficient to prove beyond a reasonable doubt that he acted with criminal negligence. In support of this claim, the defendant argues that the court could not have found that the requisite criminal negligence existed because (1) the court did not find that he was speeding, intoxicated, using a cell phone, or driving erratically, and (2) although the court found that he was distracted prior to the collision, he was "distracted for a mere moment by an unknown cause," such that the distraction did not amount to criminal negligence. We disagree.

As we previously iterated, the court found that the defendant, while driving on a major highway, veered across the fog line and "applied the brakes either as he was hitting . . . Ferguson or maybe shortly before . . . ." There was also testimony that another driver

on the road at the time of the incident perceived Ferguson and her vehicle from a significant distance away and safely moved her vehicle to the left lane to avoid hitting Ferguson. The evidence was sufficient to support the court's inference that, regardless of what the actual distraction was, the "defendant failed to perceive a substantial and unjustifiable risk that the manner in which he was operating his vehicle would cause the death of [Ferguson]" and this failure was clearly "a gross deviation from the standard of care that a reasonable person would observe in the situation." *State* v. *Carter*, supra, 64 Conn. App. 637.

The state argues, and we agree, that proof of the defendant's exact distraction or the cause of the defendant's veering across the fog line is not required under § 53a-57. See id., 640 (cause of defendant's distraction is "of little consequence to [the] analysis" and "[t]he state was not required to prove exactly what caused the defendant's impairment"). Regardless of whatever distraction actually occurred in the case at hand, the defendant's "failure to appreciate, or his decision to ignore, such a substantial risk to others demonstrates more than ordinary negligence. An operator of a motor vehicle is always under a duty to exercise reasonable care . . . and to keep a reasonable lookout for persons or traffic that he or she is likely to encounter. . . . If an operator of a motor vehicle encounters an impairment or distraction affecting his or her ability to exercise that duty of reasonable care, the disregard or failure to perceive the risk that he or she thereby creates by continuing to drive may surpass ordinary negligence." (Citations omitted.) Id., 642. The court's factual findings that the defendant had a clear and unobstructed view of Ferguson and her vehicle, yet nonetheless veered across the fog line and into the breakdown lane where Ferguson was standing are sufficient to support the

court's determination that the defendant's conduct surpassed ordinary negligence. See *State* v. *Gonsalves*, 137 Conn. App. 237, 244–45, 47 A.3d 923, cert. denied, 307 Conn. 912, 53 A.3d 998 (2012).

Moreover, the absence of factors such as cell phone use, intoxication, speeding, or erratic driving does not preclude a finding that the defendant was criminally negligent, as the defendant suggests. See, e.g., *State* v. *Ortiz*, 29 Conn. App. 825, 835, 618 A.2d 547 (1993) ("in a prosecution for misconduct with a motor vehicle in violation of . . . § 53a-57, proof that the driver was under the influence of intoxicating liquor is neither necessary nor sufficient to warrant conviction because it is the driver's mental state that is in issue"). Although the defendant argues that the present case is distinguishable from other cases affirming a finding of criminal negligence because he was not intoxicated; id.; bending over while driving; *State* v. *Carter*, supra, 64 Conn. App. 637–38; using a cell phone; *State* v. *Luna*, supra, 208 Conn. App. 52–53; or racing; *State* v. *Jones*, 92 Conn. App. 1, 9, 882 A.2d 1277 (2005); nor did he cross a double yellow line when driving conditions were poor; *State* v. *Gonsalves*, supra, 137 Conn. App. 244–45; direct evidence of such an impairment, distraction, or dangerous behavior is not necessary for a finding of criminal negligence, and, therefore, the defendant's argument is unavailing. From the evidence that was before the court, including that (1) Ferguson was visible to the defendant from the length of approximately two football fields away and (2) the defendant did not brake until he was crossing the fog line, it was reasonable for the court to infer that the defendant was distracted for a prolonged period of time and, therefore, failed to perceive the substantial and unjustifiable risk that veering across the fog line toward Ferguson would cause her death, and that this failure grossly deviated from the standard of care that a reasonable driver would

observe in that situation. See *State* v. *Perkins*, supra, 271 Conn. 246–47 ("[t]he [finder of fact] may draw whatever inferences from the evidence or facts established by the evidence it deems to be reasonable and logical" (internal quotation marks omitted)).

The defendant's argument that he was distracted for only a "mere moment by an unknown cause" such that the distraction did not amount to criminal negligence is likewise unavailing. The defendant cites to no evidence in the record to support this assertion, which is belied by the evidence that (1) Ferguson was visible from the length of two football fields away, (2) another driver on the road at the time of the incident was able to move across lanes safely to avoid Ferguson, (3) the defendant's brakes were not applied until the defendant made contact with Ferguson or just before he did so, and (4) the impact occurred in the breakdown lane. Thus, viewing the evidence in the light most favorable to sustaining the judgment, we do not accept the defendant's argument that the court could not have found him to be criminally negligent on the basis of the purported brevity of his distraction.

In sum, we conclude that the court reasonably concluded that the evidence demonstrated beyond a reasonable doubt that the defendant acted with criminal negligence pursuant to § 53a-57.

The judgment is affirmed.

In this opinion the other judges concurred.